IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. WAYNE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Case No. CIV-08-430-RAW |

## ORDER & OPINION

On March 5, 2009, this court entered an Order directing the parties to show cause by March 20, 2009 as to why this action should not be dismissed on the basis of *res judicata* or for lack of subject matter jurisdiction. Defendant filed a response on March 19, 2009. Plaintiff filed a response on March 23, 2009. Although Plaintiff's response was untimely, the court has considered it. The court has also considered Plaintiff's response to Defendant's response to the court's order.[1] For the reasons set forth below, the court hereby DISMISSES this action for lack of subject matter jurisdiction and on the basis of *res judicata*.[2]

---

[1] The court notes, however, Plaintiff's very rude tone and admonishes Plaintiff that if he is to represent himself and act as his own lawyer, he needs to become familiar with this court's Local Civil Rules, including Local Civil Rule 83.8(c), which states: "A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect for the public it serves." Additionally, Local Civil Rule 83.8(e) states: "Lawyers should treat each other, the opposing party, the Court, and members of the Court staff with courtesy and civility and conduct themselves in a professional manner at all times." See also Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (noting that the Tenth Circuit "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.")

[2] The court is also aware that, as Defendant argues, the service of process in this action was insufficient. The court, however, will not elaborate on that fact. If the only issue were insufficient service of process, the court would likely, in its discretion, allow Plaintiff time to cure the insufficiency.

On December 6, 2006, Plaintiff brought an action in this court, Case Number CIV-06-529-RAW, against Defendant alleging that Defendant was incorrectly interpreting 38 U.S.C. § 5313 and 38 C.F.R. § 3.665 in such a way that Defendant was not paying Plaintiff the full amount of disability benefits due him as a Marine veteran. Plaintiff requested that Defendant be ordered to "re-instate the 3000 full check each month." On March 6, 2007, this court dismissed that action for lack of subject matter jurisdiction. Plaintiff did not appeal that decision.

As the court instructed, the process for adjudication of a veterans' disability benefit claim begins when the claimant files a claim for benefits with a regional office of the Department of Veterans Affairs (the "VA"). The claimant may appeal the denial of a benefits claim or other adverse action to the Board of Veterans Appeals (the "BVA"). 38 U.S.C. § 7104. Those decisions are not subject to review in district courts, but in the Court of Appeals for Veterans Claims. 38 U.S.C. §§ 511 and 7252(a). The claimant may seek review of an adverse decision by the Court of Appeals for Veterans Claims in the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. The Federal Circuit has exclusive jurisdiction over these appeals. 38 U.S.C. § 7292(c).

On November 14, 2008, Plaintiff filed his Complaint in this action. He requests that 38 U.S.C. §§ 5331, 5109A, and 7111 and 38 C.F.R. § 3.655-1 be declared unconstitutional and argues that review of veteran benefits cannot be performed by a regional office of the VA or by the BVA. He argues that Congress "could not" enact statutes to enable a regional office of the VA or the BVA to review benefits. He also requests that Defendant be ordered "to pay him his 3000 taken illegally in 1983 to date." The court, therefore, ordered the parties to show cause as to why this action should not be dismissed on the basis of *res judicata* or for lack of subject

matter jurisdiction.

In response to this court's Show Cause Order, Plaintiff argues that: (1) this court has jurisdiction; (2) since this court did not rule on the merits in CIV-06-529-RAW and only held that it did not have jurisdiction, an appeal would have been futile; (3) *res judicata* is "misplaced" because he did not include the constitutional challenge in the previous case; (4) executive officers cannot make such decisions; (5) the statute cannot be retroactively applied; and (6) "federal judges vindicate (sic) supreme law of land."[3]

As to Plaintiff's first argument, the court notes that Plaintiff does not even address 38 U.S.C. § 7292 or the fact that the Federal Circuit has exclusive jurisdiction over these appeals. As to his second argument, the court is not sure why an appeal of an order dismissing an action for lack of jurisdiction would be futile, and Plaintiff provides no authority for this proposition.

As to the *res judicata* issue, Plaintiff is clearly alleging the same harm and requesting the same relief he requested in CIV-06-529-RAW. In that case, he requested that Defendant be ordered to "re-instate the 3000 full check each month." In his Complaint in this action, he requested that Defendant be ordered "to pay him his 3000 taken illegally in 1983 to date."

This court dismissed CIV-06-529-RAW for lack of jurisdiction. "Even though a dismissal for lack of jurisdiction is not a judgment on the merits . . . res judicata effect can still be given to such a dismissal, though limited to the question of jurisdiction." Conrad v. United States, 232 F.3d 900 (10th Cir. 2000). Consequently, Plaintiff's new claims alleging the same harms and requesting the same relief are barred by *res judicata*. Plaintiff added a constitutional challenge to the laws governing veterans' benefits, and argues that this addition removes the *res*

---

[3]Some of Plaintiff's arguments are somewhat difficult to decipher, but the court has done its best to glean the substance of each of his arguments.

3

*judicata* effect. The court notes, however, that these constitutional challenges could have been raised on appeal.

Generally, the doctrine of *res judicata* bars parties from relitigating issues that were or could have been raised in the prior action or on appeal. See California State Bd. of Equalization v. Sierra Summit, Inc., 490 U.S. 844, 856 (1989) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). In this case, however, the action was not dismissed on the merits, but for lack of jurisdiction; therefore, the *res judicata* effect is limited to the issue of jurisdiction.

Nevertheless, given that his claims with regard to the denial of veterans' benefits are barred by *res judicata*, he most likely has no standing to bring the constitutional challenges.[4] Moreover, as the court explains more fully below, Plaintiff's added constitutional challenges are merely the same claims couched in different terms. Plaintiff's fourth and fifth arguments are "more of the same" – Plaintiff challenging the statutes governing veterans' benefits.

As to Plaintiff's final argument, while the undersigned judge enjoys Plaintiff's characterization of federal judges as "vindicators" of the "supreme law of the land," Plaintiff is simply wrong – Congress does have the authority to "confer" and "repudiate" jurisdiction. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 94 (2000) ("The Congress also has the authority to grant or withhold jurisdiction in lower federal courts."); Keene Corp. v. United States, 508 U.S. 200, 207 (1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978))

---

[4]A plaintiff may not bring an action to challenge the constitutionality of a statute if he has suffered no harm; he would lack standing to bring such a suit. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Without the ability to bring the same allegations of harm and request for damages for his denial of veterans' benefits, Plaintiff would not likely have standing to bring the challenge the constitutionally of these statutes.

("Congress has the constitutional authority to define the jurisdiction of the lower federal courts . . . and, once the lines are drawn, 'limits upon federal jurisdiction . . . must be neither disregarded nor evaded.'").

In response to the Show Cause Order, Defendant argues that: (1) the doctrine of sovereign immunity precludes judicial review of the VA's actions in this case; (2) the Plaintiff's claims are barred in the district court by 38 U.S.C. § 511 because they seek review of the VA's decision under a law affecting the provision of VA benefits; (3) district courts may not entertain actions expressly or implicitly challenging VA rules, interpretations, policies, or procedures; (4) there is no jurisdictional basis for Plaintiff's Complaint; and (5) district court review of VA benefit decisions is barred by the Tucker Act.

For the many reasons listed in Defendant's brief and for the reasons listed in this Order, in this court's Show Cause Order and in Case Number CIV-06-529-RAW, the court agrees with Defendant: this court does not have subject matter jurisdiction in this case. Additionally, the doctrine of *res judicata* bars Plaintiff from bringing the same claims in this court that it already dismissed in CIV-06-529-RAW for lack of subject matter jurisdiction. As the court previously pointed out, the Federal Circuit has exclusive jurisdiction over an appeal of a denial of a veterans' benefits claim or other adverse action to the Board of Veterans Appeals. 38 U.S.C. § 7292(c). Once this court dismissed CIV-06-529-RAW, if Plaintiff wished to challenge the statutes upon which this court relied, Plaintiff should have filed a timely appeal in that case. He cannot now file a separate action requesting the same relief and simply add a constitutional attack on the statutes governing veterans' benefits.

As Defendant argues, to the extent that Plaintiff is broadly seeking improvements to

programs he does not like, his claims do not satisfy the "final agency action" requirement under 5 U.S.C. § 704. Moreover, as the Second Circuit has stated, "courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994). See also Scherer v. United States, 55 Fed. Appx. 517, 518 (10th Cir. 2003) (noting that it examines the substance of an allegation, not a plaintiff's labels, to determine the true nature of the action and stating that "[b]ecause these claims are all, in reality, challenges to the underlying processes of the VA and its benefit decisions, they are similarly outside the jurisdiction of the federal courts.").

Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction and on the basis of *res judicata*. Plaintiff's motion for a preliminary injunction [Docket No. 17] and his motion titled "Motion to Issue Process by Clerk, U.S. Marshall upon U.S. Attorney, Eastern District, Oklahoma" [Docket No. 19] are DENIED as MOOT.

IT IS SO ORDERED this 17th day of April, 2009.

**Dated this 17th Day of April 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0